IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,

Petitioner,

v.

DELAWARE DEPARTMENT OF
LABOR,

Respondent.

Miscellaneous Action
No. 25-322-CFC

## ORDER

Pending before me is the Motion to Unseal Exhibit and to Stay Proceedings filed by the Delaware Department of Labor (DDOL). D.I. 14. DDOL seeks by its motion the unsealing of Exhibit B to the Government's Petition to Enforce Department of Homeland Security Administrative Subpoena (D.I. 2) and a stay of this action to allow the businesses identified in Exhibit B the opportunity to intervene. D.I. 14 at 1.

Exhibit B is a copy of the administrative subpoena issued by the Department of Homeland Security that the Government seeks to enforce. The same day the Government filed the Petition, it moved to seal Exhibit B and filed a redacted version of Exhibit B that can be accessed by the public. *See* D.I. 1; D.I. 2; D.I. 4. The only things redacted in the public version of Exhibit B are the phone number

and email address of the Special Agent (Caraway) who served the subpoena on DDOL and the names, addresses, and file numbers issued by the Delaware Division of Corporations of each of the fifteen businesses for which the subpoena seeks wage reports filed with DDOL.

I granted the Government's motion to seal Exhibit B based on the Government's representation that the subpoena was issued to assist it with worksite enforcement investigations and "[s]o as not to prematurely alert the targets of [the] worksite investigations." D.I. 6 at 2. In opposing the pending motion, the Government argues that "information relating to an ongoing, nonpublic government investigation is [the] kind of information that courts regularly protect" and that "revealing the existence of [the] ongoing covert law enforcement investigation" "could lead [the businesses identified in the subpoena] to destroy evidence, tamper with witnesses, flee, or cause their employees to flee." D.I. 15 at 6–8. In response to this argument, DDOL says that it "does not contest [the Government's] interests in the context of a criminal investigation." D.I. 18 at 3 n.1. DDOL argues, instead, that the Government's "purpose [here] is civil, not criminal." D.I. 18 at 3 n.1.

DDOL, however, does not explain or provide any evidence in support of why it believes the Government's investigation is purely civil, *see generally* D.I. 14; D.I. 18, and the Government has stated that "[t]here are criminal violations

at play here" and that the investigation could lead to criminal charges, 4.1.26 Hr'g Tr. (docketed as D.I. 33) 11:10–12.  DDOL does not dispute that Special Agent Caraway is a criminal investigator and that worksite enforcement investigations can lead to criminal prosecution.

NOW THEREFORE, at Wilmington on this Thirteenth Day of April in 2026, it is HEREBY ORDERED that Respondent Delaware Department of Labor's Motion to Unseal Exhibit and Stay Proceedings (D.I. 14) is DENIED.

_____
CHIEF JUDGE

3