IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

UNITED STATES OF AMERICA,        )
                                 )
          Plaintiff,             )
                                 )  C.A. No. 25-322-CFC
   v.                            )
                                 )
DELAWARE DEPARTMENT OF           )
LABOR,                           )
                                 )
          Defendant.             )
                                 )



Wednesday, April 1, 2026
9:00 a.m.
Hearing


844 King Street
Wilmington, Delaware


BEFORE: THE HONORABLE COLM F. CONNOLLY
United States District Court Judge



APPEARANCES:


                DEPARTMENT OF JUSTICE
                BY:  CLAUDIA LOUISE PARE, ESQ.
                     Counsel for the Plaintiff


                DELAWARE DEPARTMENT OF JUSTICE
                BY:  IAN ROBERT LISTON, ESQ.
                BY:  JENNIFER KATE M. AARONSON, ESQ.
                     Counsel for the Defendant

quote, "What disclosures are required by this subpart."

**MS. AARONSON:**  Right.

**THE COURT:**  So it's anticipating --

**MS. AARONSON:**  Right.

**THE COURT:**  -- there are disclosures.  That makes sense to me, the structure of the Social Security Act, 1327.  Totally makes sense.

**MS. AARONSON:**  603.5(h) is permissible to the extent, then, as specified in 603.7(b).

And when we get to 603.7(b), it again says that disclosure is permissible if there's well-settled law, which is (b)(1), 603.7(b)(1), and that is subpoena official with subpoena authority.

So in the circumstance with the official with the subpoena authority, there's no suggestion or encouragement to file the motion to quash.

In our case, this is an administrative subpoena that was unenforceable absent a court order.  And the way DDOL read these regulations was to provide that it was permissible and would then relate back to state law, which under state, in 603.4, outlines the confidentiality requirement of the UC law, and (b) refers back to the Department of Labor interprets the Social Security Act to mean methods of administration that are reasonably calculated to ensure full payment of UC when due.

And part C then refers to state law.  And state law must contain provisions that are interpreted and apply consistently with subpart (b), meaning that it would have a method of administration that's reasonably calculated to ensure the full payment.

When we look at the regs themselves, the 2006 regs at Page 56831, the regs say that the department appreciates that states have valid reasons for maintaining UC confidentiality laws.

**THE COURT:**  Wait.  So where are you now?

**MS. AARONSON:**  In the 2006 regs.

**THE COURT:**  So page what?  Because I have them up.  I only have 15 pages.  What page did you have?

**MS. AARONSON:**  56831.

**THE COURT:**  Okay.  56831, I'm there.

**MS. AARONSON:**  The regs provide that the department actually recognizes that states have valid reasons for maintaining UC confidentiality laws that are stricter than those required by the rule.  And on balance, the Federal Rules serves to enhance confidentiality requirements by making disclosures subject to the minimum requirements of the rule while permitting states to provide additional protection.

So in our circumstance, the way DOL looked at this, it is an administrative subpoena that is --

disclosure is permissible, and it is permissible without reference to the effect that it might have.  DOL, however, looked at state law, which is the 19 Delaware Code §3125, as well as the administrative regs, and reached the conclusion, as Secretary Moultrie indicates in her affidavit, that providing Social Security numbers en mass to --

THE COURT:  We are not en mass.  We are talking about 15 employers.  Just to make it really clear, this would be really easy is INS gave you a subpoena for the Social Security numbers of every single Delawarian, I think you would win; it would be overly broad, it would be unreasonable.  I don't think Ms. Pare would be here trying to enforce it.  Right?

Am I right?

MS. PARE:  You are correct.

THE COURT:  Okay.  We're talking the employees of 15 employers and for two quarters, right?  Recent quarters.  It's not like we have to go back in history.  Recent quarters.  That's it.  You know, different story.

MS. AARONSON:  It is.  Except that that was forecasted, literally, by Agent Caraway.  These workforce --

THE COURT:  So then, why don't you wait and see if that transpires, right?  In other words, if

new District of Oregon opinion made a similar finding, which was 1225(d) proceeding that the government had instituted was the way that DHS could get that order requiring the state to disclose.  So that's an alternative argument.

Turning to this solvency argument.

**THE COURT:**  Actually, I just realized something I don't think I focused on until you said this, which is under 603.7(a), it's mandatory --

**MS. PARE:**  Yes.

**THE COURT:**  -- that the state must file a motion to quash.  So the only exception to that mandatory, it's a federal regulation, so the only exception is 603.7(b).

**MS. PARE:**  I agree, Your Honor.

So either way, in this case, the state is in violation of the federal regulation.

**THE COURT:**  All right.

**MS. PARE:**  Solvency is the solvency of the UC.

**THE COURT:**  By the way, what I don't want to invite out of this hearing is that now, every future INS subpoena, we're going to have a motion to quash in this court or any other kind of subpoena that's issued by any administrative agency, a federal agent to DDOL, but okay.

**MS. PARE:**  So solvency has been a big point of

today.  This, in the government's mind, is a speculative concern; although, the declarations that touch on this use phrases like "may" or "likely."  If this were really a concern, the government would expect more objections.

I'm not entirely sure how producing in criminal, in the criminal context but not in this doesn't have the same chilling effect.  And this stance allows the state to veto a subpoena if it doesn't like the underlying investigation.  And that can't be a rule, and that also suggests that the underlying concern about the UC fund is not a real one.

**THE COURT:**  Well, you know, it also could be that, when I talked earlier about the evisceration of norms.  But when law enforcement agencies disregard the norms that have historically guided it and do things that are questioned in the eyes of many, they not only undermine their reputations, but they may make citizens more concerned about disseminating information to those law enforcement agencies.

**MS. PARE:**  Fair.  Fair.  That said, if there were -- if the State were really concerned about chilling, sure-fire way to alert everyone to the fact that this was happening, was forcing the government's hand in filing this petition.

There could have been pre-suit negotiations on

the scope, on what to do with the information. And there were not. There were no settlement negotiations in this case between the government and the state.

The state's also talked about improper purpose. And under the case law, improper purpose is not a disagreement with federal enforcement policy. It is something more nefarious. And there is no credible evidence in this case that HSI is trying to, for example, break privacy law or do something else to pressure or compel the state that it's not supposed to.

The government is permitted to engage in worksite enforcement investigations. Congress has given it the authority to do that. Congress has given it the authority to subpoena. So because of that, this is a legitimate purpose for HSI. And so because of that, the investigation has a legitimate purpose and the state's arguments otherwise are not persuasive on that.

Finally, Your Honor, the state's taking issue with the way this subpoena came into being is grafting a higher standing than the law requires onto administrative subpoenas.

Supreme Court case law is clear, Third Circuit case law is clear that agencies can investigate on suspicion that the law is being violated. There is a suspicion here that it's being violated, and HSI chose to